IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KENNETH D. HAMSMITH, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NANCY A. BERRYHILL, Acting )<br>Commissioner of Social Security,[1] )<br>)<br>Defendant. )<br>) | No. 16 C 11134<br><br>Magistrate Judge<br>Maria Valdez |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying Plaintiff Kenneth Hamsmith's ("Plaintiff") claim for Disability Income Benefits ("DIB") under Title II of the Social Security Act (the "Act"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's memorandum, which this Court will construe as a motion for summary judgment, is granted and the Commissioner's cross-motion for summary judgment [Doc. No. 25] is denied.

---

[1] Nancy A. Berryhill is substituted for her predecessor, Carolyn W. Colvin, pursuant to Federal Rule of Civil Procedure 25(d).

# BACKGROUND

## I. Procedural History

Plaintiff filed his application for DIB in July 2012, alleging disability beginning in April 2010 due to Crohn's disease and a colostomy pouch. (R. 106–109, 117.) His application was denied initially and again upon reconsideration. (R. 50–61.) After presenting for a hearing on March 12, 2014, an ALJ issued an unfavorable decision on May 23, 2014. (R. 6–49.) The Appeals Council denied review on November 4, 2014; however, the case was remanded by the District Court on March 31, 2015. (R. 261–63, 280–91). Pursuant to the District Court's ruling, the Appeals Council remanded the case for another hearing before an ALJ, which Plaintiff presented for on July 12, 2016. (R. 202–46, 292-97.) The ALJ issued an unfavorable decision on August 31, 2016. (R. 185–201.) This Court has jurisdiction to review this matter pursuant to 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005); *Herron v. Shalala*, 19 F.3d 329, 332 (7th Cir. 1994).

## II. ALJ Decision

On August 26, 2016, the ALJ issued an unfavorable written determination finding Plaintiff was not disabled. (R. 185–201.) At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity during the period from April 4, 2010, his alleged onset date, through December 31, 2015, his date last insured. (R. 190.) At step two, the ALJ found that Plaintiff suffered from the severe impairment of Crohn's disease with small bowel colostomy. (*Id.*) At step three, the ALJ determined that Plaintiff did not have an impairment or combination of

impairments that met or medical equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926); (*Id.*)

Before step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform work at a light exertional level, except he could never kneel, crawl, or climb ladders, ropes, and scaffolds' could frequently climb ramps or stairs, balance and stoop; frequently reach overhead; and needed to avoid even moderate exposure to extreme heat, wetness, and humidity. (R. 191.) At step four, the ALJ concluded that Plaintiff was not capable of performing his past relevant work. (R. 193.) At step five, based on Plaintiff's age, education, work experience, and RFC, the ALJ determined that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform including housekeeper, office helper, and mailroom clerk. (R. 194.) Because of this determination, the ALJ found that Plaintiff was not disabled. (R. 195.)

## DISCUSSION

### III. ALJ Standard

Under the Act, a person is disabled if he has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ

3

considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform his former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer to any remaining question precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one through four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

IV. **Judicial Review**

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v.*

*Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "reasonable minds could differ" as long as "the decision is adequately supported.") (internal citation omitted).

The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a plaintiff, "he must build an accurate and logical bridge from the evidence to [her] conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning. . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

We review the ALJ's decision but we play an "extremely limited" role. *Elder*, 529 F.3d at 413. Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir.

1990). However, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

V.    **Analysis**

Plaintiff argues that the ALJ's decision should result in remand because he: (1) improperly weighed the medical opinion evidence; and (2) failed to properly assess Plaintiff's subjective symptom allegations. For the reasons that follow, remand is appropriate.

**A. Credibility**

Plaintiff argues that the ALJ improperly assessed his subjective symptom statements and credibility. An ALJ's credibility determination is granted substantial deference by a reviewing court unless it is "patently wrong" and not supported by the record. *Schmidt v. Astrue*, 496 F.3d 833, 843 (7th Cir. 2007); *Powers v. Apfel*, 207 F.3d 431, 435 (7th Cir. 2000); *see also Elder*, 529 F.3d at 413 (holding that in assessing the credibility finding, courts do not review the medical evidence de novo but "merely examine whether the ALJ's determination was reasoned and supported"). An ALJ must give specific reasons for discrediting a claimant's testimony, and "[t]hose reasons must be supported by record evidence and must be 'sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight.'" *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535,

6

539–40 (7th Cir. 2003) (quoting *Zurawski*, 245 F.3d at 887–88); *see* SSR 96-7p, 1996 WL 374186, at *4 (S.S.A. 1996).

The lack of objective evidence is not by itself reason to find a claimant's testimony to be incredible. *See Schmidt v. Barnhart*, 395 F.3d 737, 746–47 (7th Cir. 2005). When evaluating a claimant's credibility, the ALJ must also consider "(1) the claimant's daily activity; (2) the duration, frequency, and intensity of pain; (3) the precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of medication; and (5) functional restrictions." *Scheck*, 357 F.3d at 703; *see also* SSR 96-7p at *3. An ALJ's "failure to adequately explain his or her credibility finding . . . is grounds for reversal." *Minnick v. Colvin*, 775 F.3d 929, 937 (7th Cir. 2015).

Plaintiff asserts error with respect to the ALJ's credibility assessment for various reasons. First, Plaintiff complains that the ALJ violated SSR 16-3p when he discounted his symptom allegations based on a lack of records from 2010 to September 2013, without first inquiring about the lack of treatment from Plaintiff. *See* SSR 96–7p, 1996 WL 374186, at *7–8 ("[T]he adjudicator must not draw any inferences about an individual's symptoms and their functional effects from a failure to seek or pursue regular medical treatment without first considering any explanations that the individual may provide, or other information in the case record, that may explain infrequent or irregular medical visits or failure to seek medical treatment."); *see also Thomas v. Colvin*, 534 Fed. Appx. 546, 551 (7th Cir. 2013) ("[A]n ALJ must consider reasons for a claimant's lack of treatment (such as an inability to pay) before drawing negative inferences about the claimant's

7

symptoms.") (citation omitted)). Here, the ALJ did not address Plaintiff's reasoning for a lack of medical treatment, despite evidence elsewhere in the record which indicates that Plaintiff did not have insurance before 2014, when he was approved for Medicaid. (R. 2015.) While the evidence was elicited at the hearing in front of the ALJ, there is no evidence in the record the ALJ relied on this explanation when making his disability determination. This is clear error.

While Plaintiff lists a litany of other alleged errors with respect to the ALJ's credibility argument, which the Commissioner vigorously defends, the Court need not address Plaintiff's contentions at this time. Because the Court found error where the ALJ drew a negative inference based on Plaintiff's lack of medical treatment, the remainder of his credibility determination is impermissibly based solely on a lack of objective medical evidence. *See Schmidt*, 395 F.3d at 746–47 (noting that a lack of objective evidence is not by itself reason to find a claimant's testimony to be incredible.) For example, the ALJ's discussion notes that Plaintiff's testimony that he needed four to five restroom breaks per workday, lasting at least five minutes each, was not supported by evidence of record or the testimony of the vocational and medical experts. (R. 192–93.) Although the ALJ stated at the hearing that his decision would incorporate the entire record and prior hearing testimony, there is no evidence in his decision that he did so. Accordingly, the Court remands the ALJ's decision so that the ALJ may provide greater explanation for the weight given to Plaintiff's subjective symptom complaints.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment is granted and the Commissioner's cross-motion for summary judgment [Doc. No. 25] is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**                    **ENTERED:**

**DATE:**     **July 12, 2018**                          _____
                                                                   **HON. MARIA VALDEZ**
                                                                   **United States Magistrate Judge**